## BROOKS v. KERR.

(Circuit Court of Appeals, Fourth Circuit.   June 10, 1915.)

No. 1294.

1. INTEREST ⊂⊃20—DEPOSITS IN COURT.
   The interest recoverable by a complainant on the sum paid by defendant into the registry of the court to meet complainant's demand pending the suit, resulting in a decree for complainant in a sum less than the amount of the deposit, is the amount realized by the court on the fund.
   [Ed. Note.—For other cases, see Interest, Cent. Dig. § 41; Dec. Dig. ⊂⊃20.]

2. APPEAL AND ERROR ⊂⊃1022—FINDINGS—CONCLUSIVENESS.
   Findings of the master, who took much of the testimony orally and saw the witnesses, as approved by the trial court, will not be disturbed on appeal.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4015–4018; Dec. Dig. ⊂⊃1022.]

Cross-Appeals from the District Court of the United States for the Northern District of West Virginia, at Philippi; Alston G. Dayton, Judge.

Suit by Mary S. Kerr against Arthur Brooks.   From a decree granting relief, both parties appeal.   Affirmed.

D. H. Hill Arnold, of Elkins, W. Va. (E. H. Arnold, of Elkins, W. Va., on the brief), for complainant.

Arthur S. Dayton, of Philippi, W. Va., and W. T. Talbott, of Webster Springs, W. Va., for defendant.

Before KNAPP and WOODS, Circuit Judges, and WADDILL, District Judge.

WADDILL, District Judge.   This is an appeal and cross-appeal from a decree of the United States District Court for the Northern District of West Virginia, rendered on the 9th day of December, 1913. The case may be briefly stated as follows:

The complainant in the court below, appellee here, and her brother, the defendant, appellant here, agreed verbally to purchase together the timber on a tract of land in Randolph county, W. Va., on the waters of Gladdys fork and Svahers Mountain, containing some 900 acres, and hereinafter referred to as the "Leonard tract," and to cut the timber therefrom and divide the profits equally.   The purchase was made at the price of $5,000, $3,000 of which was to be paid in cash, of which complainant paid $2,500 and the defendant $500, and executed his note for the deferred payment of $2,000.   A sawmill was placed upon the tract, and a small portion of timber cut.   A deed was taken in the name of the defendant alone, though complainant insists that it should have been made to her and her brother jointly. Shortly after taking the deed, the defendant gave to the complainant a paper showing her interest in the timber purchased.   At the time of this purchase, the defendant owned the timber on the adjoining tract of land, also containing about 900 acres, and hereinafter referred

to as the "Peck tract." About two years after the acquisition of the Leonard tract, he sold all the timber from the two tracts for $32,-000. A disagreement arose between the complainant and the defendant as to the apportionment of the purchase money arising from the sale of the timber on the two tracts of land, as between said tracts, including certain improvements and a sawmill on the Leonard tract, and this suit was instituted to settle the controversy.

The complainant contended, briefly, that the timber on the Leonard tract was the more valuable of the two and that she was entitled to share in the profits arising from the manufactured lumber therefrom, as well as in the enhanced value of the property from the sawmill and other improvements placed thereon by them jointly; whereas, the defendant insisted that complainant had agreed to accept $4,500 in full of her one-half interest in the entire property, to which she was entitled from the Leonard tract and the improvements thereon; that the Peck timber was much more valuable than the Leonard, and that he had incurred considerable expense and costs in connection with the acquisition of the property, and in securing by law the purchase price therefor, as well as expense in cutting timber before the sale, all of which he claimed his sister should share in arriving at the amount due her, and that, in any event he had paid her more than her full interest.

The pleadings fully and distinctly set forth the claims of the parties, and thereupon the case was referred by agreement, to a master, with directions to make sundry inquiries involving the several contentions made. The master rejected the defendant's claim that his sister had agreed to accept a lump sum of $4,500 in full of her one-half interest, and also that she had been paid in full. Further, he reached the following conclusions: (a) That the timber on the Leonard tract was not the more valuable of the two tracts, and, on the contrary, the value was as 4 to 11 in favor of the Peck tract. (b) That the defendant was entitled to an allowance for some of the expenses incurred and claimed by him, in connection with the purchase of the property and the handling thereof, as well as for certain expenses incurred in connection with the lawsuit to recover the unpaid balance due by the purchaser on the property sold; and he made an allowance therefor, fixing the proportion which the complainant should bear at the same ratio of 4 to 11. (c) That there was due the complainant, as of the 1st day of April, 1913, after deducting three general payments made to her, aggregating $4,256.75, on account of her one-half interest, the sum of $2,076.73.

[1] To this report both parties excepted, the complainant filing 4, all of which were overruled, and the defendant 16, all save one of which, the twelfth, were overruled. The twelfth exception raised the propriety of the charge by the master of 6 per cent. per annum interest on a sum in the registry of the court to meet complainant's demands pending the contest, instead of 3½ per cent., the amount realized by the court upon the fund. This exception was sustained, and 3½ per cent., instead of 6 per cent., allowed on the balance due from the 19th of November, 1907, until the date of the decree on the

9th of December, 1913, thereby reducing the amount due from the defendant from $2,076.73 to $1,977.57, for which last-named sum, less certain costs apportioned against the complainant, a decree was entered; the court holding that the suit was in effect to settle a partnership transaction, and dividing the costs between the parties, save as to those incurred by reason of the exceptions to the master's report, and assessing those upon the basis of the exceptions filed.

[2] The questions involved were almost entirely of fact, and upon the well-settled principles governing this court, where findings have been made by the master, who took much of the testimony orally and saw the witnesses, and the court below concurred therein, they will not be disturbed by this court. After a careful consideration of the testimony, and full investigation of all the questions involved, this court concurs in the ruling of the lower court, and finds no error, certainly of which the appellant can complain.

It follows that the decree of the lower court should be affirmed, at the cost of the appellant and cross-appellee, and it is so ordered.

Affirmed.